1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3 AARON LEE MCCAIN,                                    Case No.  2:21-cv-01317-APG-EJY

4                              Plaintiff              **ORDER**

5       v.

6 SHERIFF JOSEPH LOMBARDO, *et al*.,

                                Defendants

7

8       This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by an

9 individual who has now been released from the custody of the Clark County Detention Center.

10 On July 22, 2021, Magistrate Judge Youchah ordered plaintiff Aaron Lee McCain to file a fully

11 complete application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee of

12 $402 on or before August 25, 2021. ECF No. 4 at 1.  The August 25, 2021 deadline has now

13 expired, and McCain has not filed that application, paid the full $402 filing fee, or otherwise

14 responded to the order.

15       District courts have the inherent power to control their dockets and "[i]n the exercise of

16 that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

17 *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

18 dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey

19 a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th

20 Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d

21 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring

22 amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming

23 dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

1   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal

2   for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

3   1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

4          In determining whether to dismiss an action for such reasons, the court must consider

5   several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

6   need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

7   favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

8   *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

9   *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10         Here, the first two factors (the public's interest in expeditiously resolving this litigation

11  and my interest in managing the docket) weigh in favor of dismissal.  The third factor (risk of

12  prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury

13  arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

14  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

15  factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the

16  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that the

17  failure to obey the court's order will result in dismissal satisfies the "consideration of

18  alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*,

19  779 F.2d at 1424.  Judge Youchah's order expressly stated "that if Plaintiff does not timely

20  comply with this order, this case will be subject to dismissal without prejudice for Plaintiff to file

21  a new case with the Court when Plaintiff is either able to file a fully complete application to

22  proceed *in forma pauperis* by a non-prisoner or pays the full $402 filing fee."  Thus, McCain had

23

1  adequate warning that dismissal would result from his noncompliance with Judge Youchah's

2  order.

3      I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff

4  Aaron Lee McCain's failure to file a fully complete application to proceed *in forma pauperis* by

5  a non-prisoner or pay the full $402 filing fee in compliance with this court's order.

6      I FURTHER ORDER the Clerk of Court to close the case and enter judgment

7  accordingly. No other documents may be filed in this now-closed case.

8      DATED:  September 7, 2021.

9

10 _____
   ANDREW P. GORDON
   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23